OPINION
Defendant-appellant/cross-appellee Betty Moauro appeals from the October 20, 1998, November 19, 1998, and January 19, 1999, Judgment Entries of the Stark County Court of Common Pleas Domestic Relations Division. Plaintiff-appellee/cross-appellant Joseph Moauro has filed a Cross Appeal.
 STATEMENT OF THE FACTS AND CASE
On November 7, 1997, appellee Joseph Moauro filed a complaint for divorce against appellant Betty Moauro. At the time the complaint was filed, the parties had five minor children. A Uniform Child Custody Affidavit was also filed. Appellant Betty Moauro, on November 26, 1997, filed an answer and counterclaim. An answer to appellant's counterclaim was filed by appellee on December 4, 1997. A Motion for Shared Parenting and proposed Shared Parenting Plan were filed by appellant Betty Moauro on September 28, 1998, with leave of court. A trial before Judge David Stucki was held on October 20, 1998. At the trial, the parties stipulated that the marital residence, which was valued at $48,000.00 and had a mortgage balance of $32,732.61, would go to plaintiff-appellee Joseph Moauro. The parties also stipulated that defendant-appellant would receive her 401K retirement savings plan, which was valued at $14,687.00, that each party would receive the vehicle titled in their respective names, and that specified personal property would go to appellant. At the conclusion of the trial, the court granted the parties a divorce on grounds of incompatibility. Pursuant to a Judgment Entry filed on October 21, 1998, the trial court stated that the stipulations of the parties were approved and adopted "to be incorporated into the final decree" prepared and filed by appellee's counsel. The trial court, in such entry, also ordered as follows: "1. Def shall pay $250/month for 24 months as for Spousal Support subject to continuing jurisdiction and the standard conditions of death of either party, remarriage or living in a state of concubinage by obligee. At the end of this 24 month period, upon motion of either party, the court will review this order and adjust same as is then appropriate. 2. Plaintiff shall be the residential parent and the plan of parenting/companionship shall be as described on plaintiff's "shared parenting order" as filed. 3. Def shall pay CS as per the guidelines worksheet in Exhibit 5 giving plaintiff credit for the health insurance expense. 4. The parties shall equally pay the school tuition for the children. 5. Plaintiff shall pay and hold def harmless on his Discover card and the First of America card. The parties shall remain jointly liable for the Household Finance loan. Def shall pay and hold plaintiff harmless on the remaining debts listed in Exhibit 7. 6. Each party to pay their own fees and equally divide the court costs."
Both parties also were ordered to submit proposed findings of fact and conclusions of law on or before November 10, 1998. Appellee filed his Findings of Fact and Conclusions of Law on November 4, 1998. On November 19, 1998, appellant filed a Notice of Appeal (Case No. 98-CA-0312) from the trial court's October 20, 1998, Judgment Entry. After reviewing the proposed Findings of Fact and Conclusions of Law, the trial court, pursuant to a Judgment Entry filed on November 19, 1998, held as follows:
1) The court finds that Plaintiff is not voluntarily underemployed. Defendant shall pay child support in accord with the guideline support sheet (filed at the same time as this order) in the amount of $210.00 per month per child effective January 1, 1999 2) Due to substantial disparity in income and education of the parties, defendant shall pay to plaintiff the sum of $200.00 per month spousal support for 24 months effective January 1, 1999 3) Defendant will receive the tax exemption for the five minor children 4) Plaintiff will pay his Discover card in full, First America VISA in full, Beneficial loan in full, and Household Finance debt; defendant will pay her Discover card in full, Sears card, Montgomery Ward card, her student loan, and Ann Cherian loan 5) Plaintiff and defendant shall split the annual cost of parochial school tuition 6) The court retains jurisdiction over the child support and spousal support orders 7) Plaintiff's attorney to prepare final Judgment Entry for filing w/I 14 days of this order."
On December 15, 1998, appellant Betty Moauro filed a Notice of Appeal of the trial court's November 19, 1998, Judgment Entry (Case No. 98-CA-335). Thereafter, on December 17, 1998, appellant Betty Moauro filed proposed Findings of Fact and Conclusions of Law. An Agreed Judgment Entry/Decree of Divorce was filed on January 19, 1999. The trial court, in such entry, ordered, in relevant part, as follows: "It is further ORDERED that the martial property shall be divided as follows: 1. The Court finds that the Plaintiff is not voluntarily unemployed and that Defendant shall pay child support in accordance with the guideline support worksheet attached hereto in the amount of Two Hundred Ten Dollars ($210.00) per month, per child effective January 1, 1999. 2. Due to substantial disparity in income and education of the parties, the Defendant shall pay to the Plaintiff the sum of Two Hundred Dollars ($200.00) per month spousal support for Twenty-four (24) months effective January 1, 1999. 3. The Defendant will receive the tax exemption for the five (5) minor children. 4. The Plaintiff will pay his Discover account in full, First American Visa in full, Beneficial Loan in full and Household Finance debt. 5. The Defendant will pay her Discover account in full, Sears, Montgomery Ward, her student loan and Ann Charion loan. 6. Plaintiff and Defendant shall split the annual costs of parochial school tuition for the minor children. 7. The court retains jurisdiction over the child support and spousal support orders."
On February 11, 1998, appellant Betty Moauro filed an appeal from the trial court's January 19, 1999, Judgment Entry (Case No. 99-CA-046). A Notice of Cross-Appeal was filed by appellee Joseph Moauro on February 18, 1999. Appellant, in her brief raises the following assignments of error:
I THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR SHARED PARENTING AND SHARED PARENTING PLAN.
II THE TRIAL COURT ERRED IN FAILING TO ENTER FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR SHARED PARENTING AND SHARED PARENTING PLAN.
III THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO PAY CHILD SUPPORT PURSUANT TO DEFENDANT'S EXHIBIT 5 IN ITS OCTOBER 20, 1998 JUDGMENT ENTRY.
IV THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY $210.00 PER MONTH PER CHILD FOR CHILD SUPPORT IN ITS NOVEMBER 18, 1998, AND JANUARY 19, 1999 JUDGMENT ENTRIES.
V THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY SPOUSAL SUPPORT IN THE AMOUNT OF $250.00 PER MONTH IN ITS OCTOBER 20, 1998 JUDGMENT ENTRY AND $200.00 PER MONTH IN ITS NOVEMBER 18, 1998 AND JANUARY 19, 1999 JUDGMENT ENTRIES.
VI THE TRIAL COURT ERRED IN FAILING TO DIVIDE ALL OF THE PARTIES' MARITAL ASSETS AND DEBT.
Appellee, with respect to his cross appeal, raises the following assignment of error:
THE TRIAL COURT ABUSED ITS DESCRETION [SIC] BY MODIFYING ITS ORIGINAL ORDER OF OCTOBER 20, 1998, WITHOUT ANY NEW EVIDENCE OR ANY MOTION BY THE APPELLANT.
 I, II, III, IV
Appellant, in her first assignment of error contends that the trial court abused its discretion in denying appellant's Motion for Shared Parenting and Shared Parenting Plan, and appellant, in her second assignment of error, specifically maintains that the trial court erred in failing to enter findings of fact and conclusions of law when it denied appellant's Motion for Shared Parenting. R.C. 3109.04(D)(I)(iii) provides that if a trial court denies a motion requesting shared parenting "the court shall enter in the record of the case findings of fact and conclusions of law as to the reason for . . . the rejection or denial." The trial court, therefore, should have set forth its reasons for denying appellant's Motion for Shared Parenting. This matter, therefore, is reversed and remanded to the trial court with respect to appellant's second assignment of error so that the trial court can make the requisite findings of fact and conclusions of law. Accordingly, for such reason, appellant's first assignment of error is rendered moot. Appellant's third and fourth assignments of error concern whether or not the trial court erred in ordering appellant to pay child support. Since the issue of child support is closely linked to the placement of a child, appellant's third and fourth assignments of error are tied to appellant's second assignment of error. Therefore, we find that assignments of error three and four are not yet ripe for review. Accordingly, with respect to appellant's third and fourth assignments of error, this matter is reversed and remanded to the trial court.
 V, VI
Appellant, in her sixth assignment of error, argues that the trial court failed to divide all of the parties' marital assets and debt. None of the Judgment Entries filed in this case incorporated the parties' stipulations as to the division of specified property or addressed issues relating to the outstanding mortgage on the martial residence. Thus, the trial court failed to divide all of the parties' marital assets and debt. There was, therefore, no final appealable order with respect to appellant's sixth assignment of error. In his fifth assignment of error, appellant submits that the trial court erred in ordering appellant to pay spousal support. R.C. 3105.18(B) requires a trial court to determine the division of property prior to making a spousal support award. Since, as discussed in the preceding paragraph, there is no final appealable order with respect to the property division, there is no final appealable order with respect to spousal support. This court, therefore, has no jurisdiction to consider the merits of the trial court's decision with respect to appellants fifth and sixth assignments of error.
CROSS-APPELLANT'S ASSIGNMENT OF ERROR I
Appellee, cross-appellant claims in his only assignment of error, that the trial court abused its discretion in modifying the child support, spousal support and debt allocation from its original order of October 20, 1998, to its subsequent order of November 19, 1998. Because we have previously found that the issue of child support is not yet ripe for review and that the issue of property and debt allocation cannot be determined because we have not been presented with a final appealable order, we find that appellee/cross-appellant's assignment of error is also not yet ripe for review.
By Edwards, J. Hoffman, P.J. and Farmer, J. concur